TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------------------------------------------
                                       :

OPINION            :   No. 87-404

               :

of         :   <u>DECEMBER 22, 1987</u>

               :

JOHN K. VAN DE KAMP    :
Attorney General       :

               :

CLAYTON P. ROCHE      :
Deputy Attorney General  :

               :

----------------------------------------------------------------

THE HONORABLE ADRIAN KUYPER, COUNTY COUNSEL, ORANGE COUNTY, has requested an opinion on the following question:

May a county board of supervisors lawfully make additions and changes to the proposed budget for the purpose of changing the appropriations which are applicable to the period prior to the adoption of the final budget?

CONCLUSION

A county board of supervisors may not lawfully make additions and changes to the proposed budget for the purpose of changing the appropriations which are applicable to the period prior to the adoption of the final budget.

ANALYSIS

The procedures for the adoption of the annual budget and tax rates by the county board of supervisors (hereinafter "board") are contained in sections 29000 through 29144 of the Government Code.[1] These provisions generally provide for the approval on or before July 20th of

---

[1]All section references are to the Government Code unless otherwise indicated.

each year of a proposed budget for the fiscal year commencing July 1, or alternatively on or before August 10th pursuant to section 29065.5 (secs. 29060-29066), and for the adoption of a final budget on or before August 30th of each year (§§ 29080-29093). The final budget provides the appropriations for the county for the ensuing fiscal year. (§§ 29120-29131. See also, generally 67 Ops.Cal.Atty. Gen. 205, 209-210 (1984); 64 Ops.Cal.Atty.Gen. 362, 364-365 (1981).)

To ensure that the county has funds appropriated for the period prior to the adoption of the final budget, section 29124 provides:

"If at the beginning of any fiscal year, the appropriations applicable to that year have not been finally determined and adopted, the auditor shall approve payments for the support of the various budget units in accordance with the following authorizations:

"(a) The several amounts set forth in the proposed budget for the objects and purposes therein specified, except obligations for fixed assets and for new permanent employee positions unless specifically approved by the board, are deemed appropriated until the adoption of the final budget. For the purposes of this subdivision, the words 'new permanent employee positions' do not include any employee position created in lieu of an employee position which is abolished.

"(b) If the proposed budget has not been approved by the board, the amounts deemed appropriated shall be based on the budget of the preceding year, excluding fixed assets and for new permanent employee positions unless specifically approved by the board."

(See also Atty. Gen. Unpub. Opn. I.L. 68-250.)

This request for our opinion presents the question whether the proposed budget may be amended by the board for the purpose of changing the appropriations provided for by section 29124, subdivision (a), prior to the adoption of the final budget. We conclude that the proposed budget may not be so amended.

Examining the provisions of section 29000 et seq. in greater detail, we note that each "budget unit" must, on or before June 10th of each year, submit budget estimates to the county auditor, and if directed by the board, to the county administrative officer. (§§ 29040-29042.) The auditor then may make "recommendations, if any, for any changes to the estimated financing sources referenced in Section 29040." (§ 29044.)

Thereafter, the auditor, or the administrative officer if so designated, prepares tabulations of the "estimates". The board may also designate the administrative officer to review, hold hearings on, and recommend changes in the budget "estimates" before they are tabulated. (§ 29061.) However, on or before June 30th, the tabulations must be submitted to the board. (§ 29062.) The board then, before adoption of the proposed budget, "shall make any revisions,

reductions or additions therein that it deems advisable" (§ 29063) and shall approve on or before July 20th such tabulations, "<u>whereupon it shall constitute the proposed budget</u>" (§ 29064, emphasis added).[2]

On or before August 10th of each year the proposed budget must be reproduced so that any member of the public may obtain a copy. (§ 29065.) Also on or before August 10th the board must publish a notice to the effect that copies of the proposed budget are available to the public, and that on a date not less than 10 days thereafter, it will hold a public hearing on the proposed budget "preparatory to making a final determination thereon" at which any member of the public may appear and be heard. (§ 29066.)

On or before August 20th, pursuant to the above notice, the board must hold a hearing on the final budget, which may be continued from day to day, and at which interested officials and members of the public may be heard. (§ 29080-29083.) Section 29088 then provides:

"After the conclusion of the hearing, and not later than August 30th of each year, and after making any revisions of, deductions from, or increases or additions to, the proposed budget it deems advisable during or after the public hearing, the board shall by resolution adopt the budget as finally determined. Increases or additions shall not be made after the public hearing, unless the items were proposed in writing and filed with the clerk of the board before the close of the public hearing."

---

[2]Section 29063 and 29064 provide in full as follows:

"29063. Upon receipt of the tabulation the board shall consider it and, on or before July 20th of each year, at such time as it directs, shall make any revisions, reductions or additions therein that it deems advisable. Any official or person whose estimates have been so revised, reduced or increased by the board shall be given the opportunity to be heard thereon before the board during or prior to the hearings required by Section 29080 of this chapter."

"29064. On or before July 20th of each year the board, by formal action, shall approve the tabulation with the revisions, additions and changes in conformity with its judgment and conclusions as to a proper financial program for the budget period, whereupon it shall constitute the proposed budget for the period to which it is to apply."

We note that section 29065.5, enacted in 1985 (Stats. 1985, ch. 751), provides an alternative procedure for the adoption of the proposed budget in counties which formally adopt such procedure. It provides that, by August 10th a designated official shall file the "tabulation" with the clerk of the board, where upon it "shall constitute the proposed budget and shall be reproduced by the designated official so that each member of the public may obtain one."

In the context of this statutory scheme for the adoption of the county budget, it has been suggested that there are a number of possible choices as to whether the proposed budget may be amended by the board for the sole purpose of changing the appropriations provided for by section 29124 subdivision (a). These choices are: (1) there is no authority to revise; (2) any revisions must be made before July 20th; (3) any revisions must be made prior to reproduction for and distribution to the public; and (4) there is unlimited authority to revise.

In our view, the only alternative other than no authority to revise which would appear to be justified under the statutory procedure would be that any changes would have to be made before the proposed budget was reproduced and distributed to the public, since the public would have the right to rely upon such reproduction. However, the statutory scheme has not seen fit to adopt this alternative. The statutes provide only for revisions by the board in "estimates" before the adoption of the proposed budget and for revisions at or after the hearings on the final budget which are to be incorporated into and made a part of the final budget. (See §§ 29063, supra, 29088, supra.) In our view, this statutory scheme is exclusive.

As a general proposition, the power of a legislative body to legislate on, or exercise discretionary authority over, a given subject includes the implied authority to amend or repeal its own acts. This general rule applies, however, only "'in the absence of a valid provision to the contrary.'" (Blotter v. Farrell (1954) 42 Cal.2d 804, 811; see also City of Sausalito v. County of Marin (1970) 12 Cal.App.3d 550, 563-564; United Milk Producers v. Cecil (1941) 47 Cal.App.3d 758, 765.

We believe that the county budget provisions outlined above implicitly negate any power of the board of supervisors to amend, modify or change the proposed budget for the purpose of changing the appropriations applicable to the period prior to the adoption of the final budget. The statutory scheme outlined above demonstrates a legislative purpose to fix at a given point in time the budget proposals so that they may be printed, published and distributed to the public for its consideration so that final hearings may be held. This purpose is particularly demonstrated in section 29064, supra, where the Legislature has stated that after the board of supervisors has had an opportunity to revise the "tabulation", "it shall constitute the proposed budget for the period to which it is to apply." (Emphasis added.) This is the point in time selected by the Legislature to fix or settle budget proposals so that the next steps in the budget process may proceed in an orderly fashion, without disruption by modifications in such proposals.

This conclusion is in accordance with the general principles expressed by the California Supreme Court in Ryan v. Byram (1935) 4 Cal.2d 596, 607, wherein The Court stated:

> ". . . we are of the opinion that the provisions for preparing a preliminary budget; for its printing and publication; for the giving of notice and the holding of hearings; and for the adoption of a budget before the tax rate is fixed are all for the benefit of the taxpayer, are mandatory, and that, if any of the steps had been omitted, the tax levy would be invalid. . . ." (Emphasis added.) (See also Otis v. Los Angeles County (1937) 9 Cal.2d 366, 372.)

This conclusion also comports with and confirms the conclusion this office reached in a 1940 opinion, NS2846, wherein we were presented with the question whether the preliminary county budget could be increased "after preparation, printing and publishing thereof pursuant to Political Code section 3714 and prior to the final adoption of the budget." After concluding that the board has the power to change budget items before final adoption which had been the subject of consideration at the public hearings on the budget, we stated and reasoned:

"A more serious problem, however, arises concerning power to alter the preliminary budget as to portions thereof which have not been the subject of protest or discussion at the hearing. It is true there is no express prohibition against changes in such items. Nevertheless, when it is considered that the board in considering the original tabulations is required to make such changes in the departmental estimates as 'it may deem advisable', so as to make the preliminary budget conform to the board's judgment and conclusion 'as to a proper financial program for the county for the fiscal year', and the result of their work in this regard is then publicized to the county at large as the considered financial program for the ensuing year, we are inclined to the view that the statute was drawn with the intent of constituting the budget thus drawn the financial program which will be adhered to unless in the light of the subsequent public hearings and solely as the result thereof, the board comes to the conclusion that the public interest requires changes therein.

"Since your question is a general one, disclosing no specific factual problem, our answer must likewise be general. In accordance with the foregoing, it is our opinion that the rule by which the supervisors should be guided is that they may make such changes in the preliminary budget as appear warranted as a result of the public hearings, but they are not at liberty to otherwise alter it."

This reasoning is, we believe, as valid today as it was in 1940.

Accordingly, in summary we conclude that a county board of supervisors may not lawfully make additions and changes to the proposed budget for the purpose of changing the appropriations which are applicable for the period prior to the adoption of the final budget.

* * * * *